J-S07042-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JERRY GADDY, | : | |
| Appellant | : | No. 1612 EDA 2019 |

Appeal from the PCRA Order Entered May 3, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0804411-1976

BEFORE: NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 24, 2020**

Jerry Gaddy (Appellant) appeals *pro se* from the May 3, 2019 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously recounted the procedural history of this case as follows.

> On December 29, 1976, a jury convicted [Appellant] of first[-]degree murder,[1] criminal conspiracy, and possessing an instrument of a crime ("PIC"). On June 20, 1977, the trial court sentenced [Appellant] to serve life in prison for the murder conviction, and a 5 to 10 year concurrent incarceration sentence for conspiracy. No sentence was imposed on the PIC charge. [Appellant] filed a direct appeal with this Court on July 14, 1977. On June 22, 1979, this Court affirmed the judgment of sentence and our Supreme Court denied

---

[1] Appellant was 20 years old at the time of the murder.

---

*Retired Senior Judge assigned to the Superior Court.

allowance of appeal on January 7, 1980. ***See Commonwealth v. Gaddy***, 406 A.2d 1052 (Pa. Super. 1979) (unpublished memorandum).

On September 29, 1982, [Appellant] filed a petition for post-conviction relief pursuant to the PCHA.[5] The PCHA court denied his petition on January 26, 1984, and he filed a notice of appeal with this Court on February 24, 1984. The PCHA court appointed counsel on May 17, 1984, but the appeal was dismissed on February 21, 1986 due to counsel's ineffectiveness in failing to properly pursue the appeal. Thereafter, [Appellant] filed several more *pro se* post-conviction petitions which were dismissed for similar reasons. Ultimately, the PCRA court reinstated [Appellant's] right to appeal the denial of post-conviction relief *nunc pro tunc* on June 8, 1989. On February 27, 1990, this Court, addressing the merits of the arguments, affirmed the denial of post-conviction relief. ***See Commonwealth v. Gaddy***, 576 A.2d 1133 (Pa. Super. 1990) (unpublished memorandum).

_____

[5] The Post Conviction Hearing Act ("PCHA"), 19 [P.S.] § 1180-1 *et seq.*, was the predecessor to the PCRA.

***Commonwealth v. Gaddy***, 935 A.2d 10 (Pa. Super. 2007) (unpublished memorandum at 1-2).

On January 10, 2006, Appellant *pro se* filed a subsequent PCRA petition, which the PCRA court dismissed on August 11, 2006. Appellant appealed, this Court affirmed on August 7, 2007, and our Supreme Court denied his petition for allowance of appeal on May 7, 2008. ***Id.*** (unpublished memorandum), *appeal denied*, 947 A.2d 1052 (Pa. 2008).

On August 28, 2017, Appellant *pro se* filed the instant PCRA petition, acknowledging his petition was untimely filed and attempting to invoke the newly-recognized-constitutional-right exception to the PCRA's

time-bar[2] in reliance on **Commonwealth v. Batts**, 163 A.3d 410, 416 (Pa. 2017) (**Batts II**) (recognizing "a presumption against the imposition of a sentence of life without parole for a juvenile offender" and holding that "to rebut the presumption, the Commonwealth bears the burden of proving, beyond a reasonable doubt, that the juvenile offender is incapable of rehabilitation"). On the same date, Appellant also filed a motion for leave of court to file an amended petition. On February 2, 2018, Appellant filed another motion for leave to file an amended petition.[3] It does not appear the PCRA court ruled on these motions.

On March 1, 2019, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intention to dismiss the petition without a hearing. Appellant *pro se* filed a response on March 7, 2019, which he titled as an amended PCRA petition and asserted the same newly-recognized constitutional right time-bar exception claim. The PCRA court dismissed Appellant's petition on May 3, 2019 as untimely. This timely-filed appeal followed. The PCRA court did not order Appellant to file a statement of

_____

[2] 42 Pa.C.S. § 9545(b)(1)(iii).

[3] In the February 2, 2018 motion seeking leave to file an amended petition, Appellant merely filed a supplemental pleading, *i.e.*, an amended petition. Therein, he baldly attempted to invoke the interference-by-government-officials exception to the PCRA's time-bar pursuant to 42 Pa.C.S. § 9545(b)(1)(i), again in reliance on **Batts II**. **See** Motion for Permission to File Amended Petition for Post Conviction Relief, 2/2/2018, at 5-7.

- 3 -

errors complained of on appeal. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on August 9, 2019.

On appeal, Appellant has not properly framed any issues for our review, in violation of multiple rules of our appellate procedure. His brief fails to contain a statement of the questions involved, summary of the argument, and argument section, separately and distinctly titled, in violation of Pa.R.A.P. 2111(a). **See also** Pa.R.A.P 2116 (relating to statement of questions involved); 2118 (relating to summary of argument); 2119 (relating to argument section). Although Appellant's brief contains citations to legal authority as required by Pa.R.A.P. 2119, they are largely unhelpful because Appellant presents a rambling recitation of the law where he confusingly weaves between purported quotes of case law, without the use of quotation marks or block quotes, and argument of facts and analysis from his own case, without clearly distinguishing as such. Further, Appellant's brief fails to contain references to the record, and follows no discernible pattern of page numbering. **See** Pa.R.A.P. 2132 (relating to references in briefs to the record); 2173 (relating to numbering of pages of a brief).

As a whole, especially without a statement of questions involved and separate argument section analyzing any such questions, Appellant's brief is jumbled and difficult to follow, and the issues for which he seeks our review are unclear. Accordingly, we could dismiss this appeal based

on Appellant's flagrant disregard of our rules of appellate procedure, which has hampered our ability to conduct a meaningful review. ***See*** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed."); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted). However, because we glean that Appellant seeks to challenge the PCRA court's conclusion that his PCRA petition is untimely, we decline to dismiss the appeal.

The timeliness of the filing of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011). "The question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).

Furthermore, the petition "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[4] "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Since the instant petition was filed 37 years after his judgment of sentence became final, *see Gaddy*, 935 A.2d 10 (unpublished memorandum at 5), the petition is patently untimely and Appellant was required to plead and prove an exception to the timeliness requirements. The exceptions provide as follows.

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[4] On October 24, 2018, the General Assembly amended 42 Pa.C.S. § 9545(b)(2) to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

As noted *supra*, in his petition, Appellant attempted to invoke **Batts II** to overcome the PCRA's jurisdictional time-bar by claiming **Batts II** created a new and retroactive constitutional right which rendered his life without parole sentence illegal. **See** PCRA Petition, 8/28/2017, at 3-6. This attempt fails. First, Appellant abandons this claim on appeal and it is therefore waived. **See** Pa.R.A.P. 2116(a), 2119(a); **Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned); **Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where McGill abandoned claim on appeal). Second, even if not waived, **Batts II** is inapplicable to the instant case because Appellant was not a juvenile at the time he committed his crimes; he was 20 years old. Further, even if **Batts II** were otherwise applicable, our Pennsylvania Supreme Court has never held that its holding is a newly-recognized constitutional right or that it

applies retroactively. Accordingly, Appellant cannot satisfy subsection 9545(b)(1)(iii)'s timeliness exception.[5]

On appeal, Appellant cites generally the relevant statutory sections of the PCRA relating to timeliness without any explanation as to how they relate to him. **See** Appellant's Brief at 18 (pagination supplied). A liberal reading of his brief arguably supports the contention that Appellant attempts for the first time to invoke the governmental-interference exception based on a bald accusation of fraud by the trial court and prosecutor. **See id.** at 20-22 (pagination supplied). Appellant has waived any such claim by failing to raise it before the PCRA court and failing to develop it in any meaningful

_____

[5] As noted *supra*, in his motion seeking leave to amend his petition, Appellant also attempted to rely on **Batts II** to invoke the governmental-interference exception to the PCRA's time-bar. This claim likewise fails. First, the PCRA court did not explicitly grant Appellant permission to file an amended petition. **See** Pa.R.Crim.P. 905(A); **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) ("[I]t is well-settled that claims raised outside of a court-authorized PCRA petition are subject to waiver…."). Second, Appellant abandoned this claim on appeal and it is therefore waived. **See** Pa.R.A.P. 2116(a), 2119(a); **Bennett**, *supra*; **McGill**, *supra*. Regardless, no matter what PCRA time-bar exception Appellant attempts to invoke, **Batts II** is inapplicable because he was 20 years old at the time of the murder.

In addition, Appellant also claimed in his petition that his sentence was illegal pursuant to **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), and **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). **See** PCRA Court Opinion, 8/9/2019, at 4. Appellant abandons these claims on appeal and they are therefore waived. **See** Pa.R.A.P. 2116(a), 2119(a); **Bennett**, *supra*; **McGill**, *supra*. Regardless, they do not overcome the PCRA's time-bar in this case. **See** PCRA Court Opinion, 8/9/2019, at 4.

manner on appeal. ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal."); ***see also*** Pa.R.A.P. 302(a) (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant also appears to claim his life without parole sentence is illegal because the statute in effect at the time of the murder did not authorize a sentence of life imprisonment. ***See*** Appellant's Brief at 29-30 (pagination supplied). Although Appellant did not raise this claim in his PCRA petition, legality-of-sentence claims are always subject to review within the PCRA. However, this Court must have jurisdiction to review such claim; because Appellant failed to prove a timeliness exception under the PCRA, we are without jurisdiction to review it. ***Commonwealth v. Fahy***, 737 A.2d 214, 233 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citation omitted).

Because Appellant did not plead and prove facts that would establish any exception to the PCRA's timeliness requirements, neither the PCRA court nor this Court has jurisdiction to consider the merits of Appellant's claims. Accordingly, we discern no error in the PCRA court's dismissal of Appellant's

petition as untimely.[6] ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing a timeliness exception).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/20

---

[6] To the extent Appellant's brief argues that the time-bar limitations set forth in the PCRA do not apply to him because his judgment of sentence became final prior to the effective date of section 9545, ***see*** Appellant's Brief at 18-19 (pagination supplied), Appellant failed to raise this claim below and it is therefore waived. ***See*** Pa.R.A.P. 2116(a), 2119(a); ***Bennett***, ***supra***; ***McGill***, ***supra***. Regardless, Appellant already litigated, and this Court already rejected, this same argument when we affirmed the dismissal of his 2006 PCRA petition as untimely. ***Gaddy***, 935 A.2d 10 (Pa. Super. 2007) (unpublished memorandum at 5 n.9) (citing ***Commonwealth v. Alcorn***, 703 A.2d 1054 (Pa. Super. 1997)).