Commonwealth ex rel. Jones, Appellant, *v.* Maroney.

Submitted March 17, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles William Jones,* appellant, in propria persona.

*Edwin J. Martin,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION PER CURIAM, April 20, 1965:

Charles William Jones in 1958 pleaded guilty to the brutal murder of a night watchman during the course of a burglary of the Black Linen Service Company premises, which burglary netted him $2.32 from the coin box of a pop machine. He filed a petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County, which was refused and he has appealed to this Court urging that his constitutional rights were violated in that (1) he was not represented by counsel at the magistrate's hearing; (2) he was not represented by counsel at the coroner's inquest; (3) he was not permitted to procure counsel at the time of his arrest; (4) he was without counsel at the time of his confession; and (5) counsel appointed at trial was inadequate.

With regard to contentions (1) to (4), inclusive, it is to be noted that the alleged failure to have counsel at the preliminary proceedings formed no basis for the petitioner's later conviction, *Commonwealth v. Patrick,* 416 Pa. 437; *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11; and *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321. The conviction was predicated entirely on his plea of guilty, made when he did have counsel, which representation he does not attack except to make the general statement that the representation was inadequate.

Petitioner does not indicate in what manner the trial counsel failed him. This court very recently stated in *Commonwealth ex rel. LaRue v. Rundle,* 417 Pa. 383, 207 A. 2d 829, "To support the issuance of a writ

of habeas corpus on an allegation of ineffective assistance of counsel, it must be found that counsel's conduct amounted to a denial of due process of law. Commonwealth ex rel. Wherry v. Maroney, 201 Pa. Superior Ct. 441, 447, 193 A. 2d 839, 841-42 (1963), allocatur denied, 201 Pa. Superior Ct. xxvii; Commonwealth ex rel. Schenck v. Banmiller, 190 Pa. Superior Ct. 467, 154 A. 2d 320 (1959), allocatur denied, 190 Pa. Superior Ct. xxvi, cert. denied, 363 U.S. 847, 80 S. Ct. 1623 (1960). The mere fact that petitioner is of the opinion that his trial was improperly conducted by his counsel does not constitute grounds for the issuance of a writ."

The lower court stated: "The record shows that relator was represented by Attorney Boscia at trial. This court knows Mr. Boscia to be competent; that he has represented many defendants in homicide matters skillfully and competently. We, therefore, find that the relator was represented by adequate counsel."

Order affirmed.

Mr. Justice COHEN dissents.