517 A.2d 1248

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kirk Otto BENNETT, Appellee.**

Supreme Court of Pennsylvania.

Argued June 4, 1986.

Decided Nov. 17, 1986.

Katherene E. Holtzinger-Conner, Asst. Dist. Atty., William A. Behe, Harrisburg, for appellant.

Judith A. Calkin, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

In this appeal, within the context of a claim of ineffective assistance of counsel, we address whether the text of Pa.R.Crim.P. Rule 319(b)(3) must be read or communicated to a criminal defendant at or before the time of sentencing, when the sentencing court has rejected the terms of a plea agreement. Rule 319(b)(3) reads as follows:

> If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

During the waning hours of January 11, 1980, Kirk Otto Bennett, appellee, and Jeffrey Nead Ross, a co-defendant,

attempted to rob an assistant manager of an Elby's Restaurant in Lower Paxton Township, Dauphin County. The victim had just completed his afternoon shift, and, bearing cash receipts of nearly $3,000 for a customary deposit at a local bank, he left the restaurant and approached his van. Appellee, by his own admission, shot the victim once in the back with a .22 caliber rifle and the victim died within an hour.

On June 23, 1980, appellee pleaded guilty to a general charge of murder, robbery and conspiracy pursuant to the terms of a plea agreement. His plea came after an exhaustive colloquy which demonstrated appellee's understanding of all matters prescribed by Rule 319,[1] including (1) the nature of the charges to which appellee would be pleading guilty; (2) the factual basis for the pleas; (3) the rights appellee would be waiving by entering his pleas; (4) the presumption of innocence; (5) the range of sentences for the offenses charged; and (6) the judge's discretion in either accepting or rejecting the plea agreement.

1. **Rule 319. Pleas and Plea Agreements**

   **(a) Generally.** Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo cotender*. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record. If the defendant shall refuse to plead, the court shall enter a plea of not guilty on the defendant's behalf.

   **(b) Plea Agreements.**

   (1) The trial judge shall not participate in the plea negotiations preceding an agreement.

   (2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

   (3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

   **(c) Murder Cases.** In cases in which the imposition of a sentence of death is not authorized, when a defendant enters a plea of guilty to a charge of murder generally, the judge before whom the plea was entered shall alone determine the degree of guilt.

The terms of the plea agreement were fully delineated on the record for the benefit of the court and to ensure that appellee knowingly and voluntarily assented to those terms. The prosecutor explained that the Commonwealth promised to recommend, in spite of extant aggravating circumstances, a life sentence on the murder charge should the court assess guilt at murder of the first degree and sentences on the robbery and conspiracy charges to run *concurrently* with the life sentence, in exchange for appellee's cooperation in this case and others and for appellee's testimony against co-defendant Ross.[2] The court and the prosecutor stressed several times during the colloquy that the court was free to impose the maximum allowable sentences and was not bound by the recommendations which the prosecutor had promised to make to the court.[3] Appellee was also informed about the limited rights to appeal a guilty plea.

The following day, June 24, 1980, the court found appellee guilty of murder of the first degree and appellee requested that a jury determine the sentence on the conviction for murder of the first degree, as provided by the Sentencing Code, 42 Pa.C.S.A. § 9711(b), *Procedure in nonjury*

2. Appellee's testimony was not actually required because his co-defendant also entered a guilty plea to the charges at the same time.

3. A typical exchange appears at page 7 of the Notes of Testimony (N.T.), June 23, 1980:

THE COURT: And the Commonwealth is going to seek murder in the first degree but the determination of the guilt is up to the Court. Is that clear?

THE DEFENDANT: Yes.

THE COURT: Furthermore, if you are found guilty of murder in the first degree there are two penalties. There is a penalty of death and a penalty of life imprisonment. While the Commonwealth will recommend to the Court that should the Court find murder in the first degree, that they not impose the death penalty, that recommendation is not binding on the Court. You understand that?

THE DEFENDANT: Yes.

THE COURT: That the Court could find the death penalty. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Proceed.

THE COURT: And the other recommendations that they will make that other sentences be concurrent; they are only recommendations. That's what I want you to understand.

*trials and guilty pleas.* The prosecutor asked the court to enter findings of guilt for the record on the robbery and conspiracy charges. The court found appellee guilty on those charges and imposed sentences of ten to twenty years for robbery and five to ten years for conspiracy, "to be *consecutive* to any other sentence that is to be imposed by the jury." N.T., June 24, 1980 at 123 (emphasis added). These sentences were contrary to the plea agreement, which provided that all sentences were to be *concurrent.* No reference was made at that time to the plea agreement, or to the contents of Rule 319(b)(3).

The next day, June 25, 1980, following an evidentiary hearing, a jury fixed the penalty at life imprisonment on the conviction for murder of the first degree. During the closing arguments, the prosecutor had recommended a life sentence as promised in the plea agreement, and he and defense counsel had drawn attention to appellee's cooperation with the authorities. The court then sentenced appellee, stating:

> in accordance with the jury verdict I sentence you to imprisonment for life and I have previously sentenced you, I think yesterday, on the robbery and conspiracy charges. You have thirty days to appeal the judgment of sentence to the Supreme Court. You have ten days to withdraw your guilty pleas. If you wish to take any of these steps or any other legal steps that are within your rights ... [t]he court has appointed counsel to represent you without charge and he will continue to represent you if you desire to take any further legal action.

N.T., June 25, 1980 at 87–88.

No appeal was taken, and appellee did not file a petition to withdraw his guilty pleas within 10 days of sentencing as required by Pa.R.Crim.P. Rule 321. Trial counsel subsequently withdrew from the case, although he did arrange in November, 1980, for appellee's protection from his co-defendants in prison. On July 13, 1981, appellee filed a *pro se* petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551, alleging ineffective assistance of

counsel in that trial counsel failed to advise appellee of his right to petition to withdraw his plea and that trial counsel failed to file an appeal after being requested to do so.[4] New counsel was appointed to represent appellee and the matters raised by appellee's PCHA petition were addressed on October 28, 1982, during a hearing before the same judge who had accepted appellee's pleas and had sentenced him.

The trial court held that counsel was not ineffective for failing to advise appellee of his right to petition to withdraw his plea, because appellee had been advised by the court of his right to petition to withdraw his plea at the time of sentencing. In addition, the trial court, by implication, in dismissing appellee's PCHA petition, found that appellee had not requested that counsel file an appeal, therefore, counsel was not ineffective for failing to file an appeal.

Appellee appealed the dismissal of his PCHA petition to Superior Court, which reversed and remanded with instructions to permit appellee to withdraw his guilty pleas. In a memorandum opinion, a divided panel of the Superior Court *sua sponte* raised and determined that counsel was ineffective for not acting to protect his client's interests at the "defective" proceeding by "failing to request that the court comply with Rule 319." This Court granted the Commonwealth's Petition for Allowance of Appeal.

Since Superior Court decided the case upon an issue not raised in appellee's PCHA petition, we reverse. Pa.R. Crim.P. Rule 1501(b); *see Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). However, inasmuch as the parties have briefed and argued the merits of the waived issue and for reasons of judicial economy,[5] we shall discuss the matter herein.

---

**4.** Appellee in his PCHA petition also alleged that his plea to murder had been unlawfully induced by a promise of a 10–20 year sentence on a third degree murder charge. This issue has been abandoned as it was not presented on the appeal to Superior Court or to this Court.

**5.** As day follows night, buttressed by the Superior Court opinion in this case, appellee will stand before us with a second PCHA petition alleging ineffective assistance of trial and appellate counsel.

The standard for reviewing an ineffective assistance of counsel claim remains as propounded in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In *Commonwealth v. McNeil*, 506 Pa. 607, 614–15, 487 A.2d 802, 805–06 (1985), this Court summarized the ineffectiveness standards as follows:

This Court recently reiterated the appellate standards for reviewing claims of ineffective assistance of counsel; in *Commonwealth v. Anderson*, 501 Pa. 275, 286, 461 A.2d 208, 213 (1983) we stated:

We remain guided by the standards first articulated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605–06, 235 A.2d 349, 352–53 (1967):

[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.

The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

Moreover, counsel will not be deemed ineffective for failing to raise baseless or frivolous issues. *Commonwealth v. Arthur*, 488 Pa. 262, 265, 412 A.2d 498 (1980). It is only when the claim which has been foregone is of arguable merit that further inquiry must be made into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Hubbard*, 472 Pa. 259, 277–278, 372 A.2d 687, 696 (1977).

Moreover, as we stated in *Maroney:*

Cases such as *Commonwealth ex rel. Gallagher v. Rundle*, 423 Pa. 356, 223 A.2d 736 (1966) and *Commonwealth ex rel. Jones v. Maroney*, 417 Pa. 567, 209 A.2d 285 (1965) indicate that, for relief to be granted, appellant

must demonstrate that counsel's ineffectiveness worked to his prejudice.

427 Pa. at 605, n. 8, 235 A.2d at 353, n. 8.

The Commonwealth initially argues that Rule 319(b)(3) does not apply to the type of plea agreement involved herein, which it characterizes as a mere non-binding, open-ended recommendation. The Commonwealth's argument is without merit. The comment to Rule 319 states that the terms of a plea agreement as contemplated by the rule include promises of a charge reduction, the dropping of charges, and the promise of "a recommendation of a lenient sentence." Numerous references to the court's sentencing discretion during the guilty plea colloquy served to put appellee on notice that a "tougher" sentence was not an unlikely outcome, but such reference does not remove the promise of a sentence recommendation from the application of Rule 319(b)(3). Although we agree with appellee that the trial court's rejection of part of the sentence agreement was governed by Rule 319(b)(3), we do not find that the Rule required that the court advise appellee of the contents of said Rule.

The Superior Court holding that the trial court must read Rule 319(b)(3) to the defendant is incorrect. Rule 319(b)(3) does not create a right that must be communicated by judicial incantation of the language contained therein. A defendant's rights are adequately protected when the court advises a defendant at the time of sentencing of the right to petition to withdraw the plea and/or to take an appeal. The Rule is simply a directive to the *court* that if the court does not concur with the terms of the plea agreement and a defendant petitions to withdraw the plea in a timely manner, the court *must* permit the withdrawal of the plea. Defendants are capable of deciding for themselves whether or not they are satisfied with the sentence imposed, and the law requires that they voice any dissatisfaction within the time and in the manner prescribed by rule. Appellee had been advised of his right to petition to withdraw his plea and to file an appeal and chose not to exercise said rights.

Appellee relies upon *Commonwealth v. Fazenbaker*, 248 Pa.Super. 433, 375 A.2d 175 (1977), as did Superior Court, to support his position that the court was required to specifically inform him at the time of sentencing that it had rejected the terms of the plea agreement, and that if the defendant filed a petition to withdraw his guilty plea, then that withdrawal would be mandatorily granted. This reliance is misplaced. The trial court in *Fazenbaker* accepted a defendant's plea and four months later sentenced him in excess of the Commonwealth's recommendation. Fazenbaker petitioned the court for permission to withdraw his guilty plea within 10 days of sentencing, and the trial court denied the petition. Superior Court correctly vacated the judgment of sentence in *Fazenbaker* pursuant to Rule 319(b)(3), for when a court rejects the terms of a plea agreement, the Rule requires that that court grant a timely petition for withdrawal of a guilty plea. Fazenbaker had petitioned the court in a timely fashion to withdraw his guilty plea upon the court's sentencing beyond the parameters of the plea bargain, whereas, in this case, appellee did not timely petition to withdraw his pleas.

As appellee's underlying contention lacks merit, appellee's counsel was not ineffective. *See Commonwealth v. Hubbard, supra.*

The order of the Superior Court reversing the order of the Court of Common Pleas and remanding with instructions to permit appellee to withdraw his guilty pleas is reversed.

ZAPPALA, J., concurred in the result.

NIX, C.J., filed a dissenting opinion.

### JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the order of Superior Court reversing the order of the Court of Common Pleas and remanding with instructions to permit appellee to withdraw his guilty pleas is reversed.

NIX, Chief Justice, dissenting.

Appellee, filed a *pro se* petition under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 *et seq.*, alleging ineffective assistance of trial counsel in failing to advise appellee that the trial court's failure to follow the plea agreement provided him with the absolute right to withdraw his plea. See Pa.R.Crim.P. Rule 319(b)(3). The right under Pa.R.Crim.P. Rule 321 which affords a defendant ten (10) days from the time of sentencing to seek the withdrawal of the plea is far different from his being advised that he had grounds to obtain that relief.

Although, the Superior Court may have decided the matter on an issue that had not been properly presented to it, the issue that was raised by appellee justified the order of reversal and remanding with instructions to permit the withdrawal of the plea; and that order should have been sustained upon that ground. We should affirm an order if it is correct for any reason, regardless of the reason relied on by the court below. *Gwinn v. Kane,* 465 Pa. 269, 348 A.2d 900 (1975); *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974); *Justin J. Powell, Inc. v. Wian,* 456 Pa. 35, 318 A.2d 346 (1974). I therefore dissent.