J-S42003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNELLE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1739 EDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005713-2015,
CP-51-CR-0005736-2015, CP-51-CR-0006248-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNELLE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1740 EDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005713-2015,
CP-51-CR-0005736-2015, CP-51-CR-0006248-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNELLE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1741 EDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005713-2015,

CP-51-CR-0005736-2015, CP-51-CR-0006248-2015

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:              **FILED DECEMBER 04, 2020**

Appellant, Donelle Robinson, appeals from the order dismissing his first petition filed *pro se* pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541- 9546. The PCRA petition involved three separate lower court docket numbers. This Court previously issued a rule to show cause why Appellant's appeal should not be quashed pursuant to **Commonwealth v. Walker,** 185 A.3d 969, 977 (Pa. 2018), which adopted a bright-line rule that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. Although we now conclude that **Walker** does not require the Court to quash the appeal, we nonetheless find that the issues Appellant raises in the appeal are waived and therefore fail to provide him with any basis for relief. Accordingly, we affirm.

On February 14, 2015, Appellant was arrested and charged with multiple counts of robbery, aggravated assault, possessing an instrument of crime ("PIC") and an array of related offenses in connection with a string of robberies that took place in February 2015. The various counts were docketed at CR-5713-2015, CR-5736-2015, CR-5737-2015 and CR-5738-2015. These four dockets were subsequently consolidated for purposes of trial.

Following a twelve-day jury trial, the jury returned with a partial verdict. The jury found Appellant guilty of three counts of robbery and one count of

PIC at docket number CR-5736-2015. However, the jury deadlocked on the remaining charges at docket number CR-5736-2015. It also deadlocked on all the charges at docket numbers CR-5713-2015, CR-5737-2015 and CR-5738-2015. The trial court declared a mistrial as to the deadlocked charges.

On August 6, 2018, Appellant entered into a negotiated guilty plea with the Commonwealth. Appellant pled guilty to certain charges for which the jury did not return a verdict, namely robbery and aggravated assault, at docket number CR-5713-2015. The remaining charges at docket numbers CR-5713-2015 and CR-5736-2015 were *nolle prossed*, along with all the charges at docket numbers CR-5737-2015 and CR-5738-2015. As part of the plea, Appellant also pled guilty to burglary and criminal conspiracy for a burglary he committed on December 17, 2014. The burglary and conspiracy charges were docketed at CR-6248-2015.

Pursuant to the plea agreement, the trial court sentenced Appellant on the same date to an aggregate term of imprisonment of 15 to 30 years for the counts on all three docket numbers. Specifically, at docket number CR-5736-2015, the court sentenced Appellant to ten to 20 years' imprisonment for each of the robbery charges and two to four years' imprisonment on the PIC charge. At docket number CR-5713-2015, the trial court sentenced Appellant to ten to 20 years' imprisonment for the robbery count and five to ten years' imprisonment for the aggravated assault count, with the aggravated assault sentence to run consecutively to the robbery sentence. Appellant was also

sentenced to ten to 20 years' imprisonment both for the burglary and for the criminal conspiracy counts at docket number CR-6248-2015. With the exception of the aggravated assault charge, the court ordered all of the sentences to run concurrently, leaving Appellant with an aggregate term of imprisonment totaling 15 to 30 years. The trial court also added a term of one year of probation to run consecutively to the prison sentence.

Appellant did not file post-sentence motions nor did he request leave to withdraw his guilty plea. He did not file a direct appeal. Instead, on October 16, 2018, Appellant filed a timely *pro se* PCRA petition. In the PCRA petition, Appellant alleged trial counsel had been ineffective for failing to sufficiently explain his sentence to him. He complained that he did not understand what cases he was going to be sentenced for and whether his sentences were concurrent.

The PCRA court appointed counsel, who subsequently filed a petition to withdraw as well as a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his letter, counsel asserted that he had reviewed the case and found no issues of arguable merit. Counsel specifically addressed Appellant's claim that trial counsel had not explained Appellant's sentence to him and concluded that any such claim was completely belied by the oral colloquy given to, and the written colloquies signed by, Appellant. Appellant did not respond to the **Turner/Finley** letter.

- 4 -

The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and Appellant also did not respond to that notice. On May 15, 2019, the PCRA court formally dismissed the PCRA petition as to all three docket numbers and granted counsel's petition to withdraw.

Appellant timely filed three *pro se* notices of appeal. All three notices of appeal contained all three docket numbers from which Appellant was appealing: CR-6248-2015, CR-5736-2015, and CR-5713-2015. The PCRA court appointed new counsel to represent Appellant on appeal. It also directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, and the PCRA court issued a Pa.R.A.P. 1925(a) opinion in response.

Meanwhile, this Court assigned a docket number to each notice of appeal and issued three separate orders for a rule to show cause why the appeal at each docket number should not be quashed pursuant to **Walker**. Appellate counsel did not respond to any of the rule-to-show-cause orders. On August 21, 2019, we issued an order at each docket number discharging the rule-to-show-cause order and referring resolution of the **Walker** issue to the merits panel.

Several months later, in March of 2020, appellate counsel filed an "application to remand with permission to file [the notices of appeal] on separate docket numbers." In the application, appellate counsel acknowledged that the *pro se* notices of appeal filed by Appellant were defective under

*Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019), which held that a notice of appeal may contain only one docket number. Counsel conceded she should have remedied the defective notices of appeal sooner but explained that she had been dealing with a difficult pregnancy and the subsequent medical needs of her newborn child. In order to avoid quashal pursuant to *Creese*, counsel sought leave from this Court to refile the notices of appeal with separate docket numbers. This Court again issued an order deferring a decision on the application to the panel of the Court assigned to decide the merits of the appeal.

In their briefs to this Court, neither Appellant nor the Commonwealth offer any argument as to whether we must quash Appellant's appeals pursuant to *Walker* except for the Commonwealth's single statement in a footnote that it takes no position on the matter. However, we note that after appellate counsel filed her application for remand, an *en banc* panel of this Court revisited *Creese* in *Commonwealth v. Jerome Johnson*, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*). In doing so, this Court explicitly overruled *Creese* to the extent that *Creese* held that *Walker* required our Court to quash appeals when an appellant, who is appealing from multiple docket numbers, files notices of appeal with all of the docket numbers listed on each notice of appeal. *See Jerome Johnson*, 236 A.3d at 1148.

An *en banc* panel of this Court again addressed the issue of notices of appeal containing multiple docket numbers in *Commonwealth v. Rebecca*

*Johnson*, 236 A.3d 63 (Pa. Super. 2020) *(en banc)*. In *Rebecca Johnson*, the appellant appealed from an order dismissing her PCRA petition to three different trial court docket numbers by filing three separate notices of appeal with all three docket numbers on each of the filings. Citing to our recent decision in *Jerome Johnson*, this Court held that the fact that the appellant used multiple docket numbers on her notices of appeal was irrelevant and did not invalidate the appeal. *See Rebecca Johnson*, 236 A.3d at 66. The Court determined that because the appellant had filed three separate notices of appeal, she had complied with *Walker* in perfecting her appeals and there was therefore no need to quash them. *See id*.

Like the appellant in *Rebecca Johnson*, Appellant appealed the order dismissing his PCRA petition to three different trial court docket numbers by filing three separate notices of appeal with all three docket numbers on each filing.[1] Based on *Rebecca Johnson*, Appellant's notices of appeal do not

_____

[1] The record supports the conclusion that Appellant filed three separate notices of appeal. The notices of appeal are not identical in that there is a variance in either the information on the notice of appeal or the placement of the date stamp recording that the notice of appeal was received on June 12, 2019. Even if Appellant had only filed a single notice of appeal, we still would find that quashal is improper. The order of the PCRA court informing Appellant of his appellate rights related to the dismissal of his PCRA petition lists all three docket numbers and explicitly states that Appellant had 30 days to file "an appeal." PCRA Court Order, 5/15/19. We have previously refused to quash an appeal based on *Walker* when an appellant files a single notice of appeal with multiple docket numbers when the order informing the appellant of his appeal rights provided that he had 30 days to file "an appeal." *See Commonwealth v. Larkin*, 235 A.3d 350, 354  (Pa. Super. 2020) *(en banc)*. As such, even if

violate **Walker** and we therefore deny the application to remand to refile the notices of appeal as unnecessary, and proceed to consider the claims raised by Appellant in his appeal.

In the appeal, Appellant completely abandons the sole claim he raised in his PCRA petition that trial counsel was ineffective for failing to explain his sentence to him. Therefore, that issue is waived. **See Commonwealth v. Bennett,** 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating that an issue raised in a collateral petition but not presented on appeal has been abandoned).[2] Instead, Appellant presents the following single issue for our review:

> Did the PCRA court incorrectly dismiss the PCRA petition without conducting an evidentiary hearing into trial counsel's failure to file an appeal following [Appellant's] sentencing?

Appellant's Brief at 7.

Appellant goes on to argue, in essence, that trial counsel was *per se* ineffective for failing to file a direct appeal and the PCRA court should have

_____

Appellant had filed only a single notice of appeal with multiple docket numbers, we would refuse to quash the appeal pursuant to **Larkin**.

[2] Although this issue is waived, we note that Appellant's signed written guilty plea colloquy at CP-5713-2015 specifically states that the robbery count and the aggravated assault count would run consecutively to each other. **See** Written Guilty Plea Colloquy for CP-5713-2015, 8/6/18, at 1. At Appellant's oral colloquy and sentencing hearing, Appellant stated that he understood he was being sentenced to an aggregate term of imprisonment of 15 to 30 years and that he had discussed and understood the written plea colloquies with counsel. **See** N.T., 8/6/18, at 11, 12, 16. The trial court specifically reiterated that Appellant was being sentenced to a consecutive term of five to ten years for the aggravated assault count and Appellant stated that he understood that sentence. **See id**. at 30, 33.

held an evidentiary hearing on that claim. However, as both the Commonwealth and the PCRA court note, Appellant did not state at any point in his PCRA petition that he had instructed trial counsel to file a direct appeal or otherwise raise a claim related to trial counsel's ineffectiveness for failing to file a direct appeal in his PCRA petition. The PCRA court was therefore never presented with this claim, and it is waived. **See Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007) (stating that any claim not raised in the PCRA petition is waived and not cognizable on appeal); Pa.R.A.P. 302(a) (providing that any issue not raised in the lower court is waived and cannot be raised for the first time on appeal).

Appellant also maintains for the first time on appeal, however, that PCRA counsel was ineffective for filing a **Turner/Finley** letter instead of amending the PCRA petition to include a claim that trial counsel was ineffective for failing to file a direct appeal. He essentially contends that PCRA counsel should have surmised that Appellant wanted trial counsel to file a direct appeal based on *pro se* correspondence Appellant sent to the trial court following his sentencing. This claim is waived for multiple reasons.

In the first instance, Appellant's claim challenging PCRA counsel's ineffectiveness is waived as it is not fairly encompassed by Appellant's statement of the question involved, which speaks to the ineffectiveness of trial counsel, not PCRA counsel. **See** Pa. R.A.P. 2116(a). Additionally, Appellant's summary of the argument does not contain any reference to PCRA counsel's

ineffectiveness, and his claim is waived for that reason as well. **See** Pa. R.A.P. 2118.

Even if Appellant's claim challenging the ineffectiveness of PCRA counsel was not waived for failure to comply with the Rules of Appellate Procedure, we still could not review it on appeal as this Court has held that a PCRA petitioner cannot assert claims of PCRA counsel's ineffectiveness for the first time on appeal. **See Commonwealth v. Henkel,** 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*). As the Commonwealth points out, Appellant could have challenged PCRA counsel's representation in the PCRA court in response to the **Turner/Finley** letter or in response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss his PCRA petition, but he did not do so. Instead, Appellant raised his challenge to PCRA counsel's effectiveness for the first time on appeal, and it is therefore waived. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009) (stating that the appellant's "failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness for not raising the direct appeal issue results in waiver of the issue of PCRA counsel's ineffectiveness").

Order affirmed. Application to Remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/20