J-S34015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAKIM L. JOHNSON | : | |
| | : | |
| Appellant | : | No. 129 WDA 2022 |

Appeal from the PCRA Order Entered December 14, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002317-2016

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.:              **FILED:  October 14, 2022**

Appellant, Rakim L. Johnson, appeals from the order entered in the Court of Common Pleas of Blair County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

We derive the following factual and procedural history from the trial court opinion and certified record. In October 2016, Appellant sold heroin to an undercover police officer. As a result, Appellant pleaded guilty to Possession with Intent to Deliver and Criminal Use of a Communication Facility. On September 1, 2017, the trial court sentenced Appellant to an aggregate term of 1½ to 5 years' incarceration. Appellant did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant *pro se* filed the instant PCRA Petition, his first, on March 15, 2021. The PCRA court appointed counsel and counsel filed an amended petition on May 14, 2021, seeking to invoke the PCRA court's jurisdiction by pleading the new-fact exception to the PCRA time-bar.[1] Appellant posited a substantive claim of ineffective assistance of trial counsel.

On November 5, 2021, the PCRA court held a hearing on Appellant's petition. On December 14, 2021, the court dismissed Appellant's petition as untimely. Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the trial court err by denying the Amended PCRA action without a hearing being held for being untimely?

Appellant's Br. at 4.[2]

Before turning to Appellant's issue, we must determine if we have jurisdiction to address it. A petitioner has one year from the date that his or her judgment of sentence becomes final to file a timely PCRA Petition. 42

---

[1] Appellant also pleaded the after-recognized constitutional right exception to the time-bar, at 42 Pa.C.S. § 9545(b)(1)(iii). Amended PCRA Petition at ¶¶ 25-27. Appellant has failed to raise this exception on appeal. It is, thus, waived. **See** Pa.R.A.P. 2116(a), 2119(a) (briefing rules); **Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned); **Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where appellant abandoned claim on appeal).

[2] Appellant's single issue faults the PCRA court for, in part, dismissing his petition "without a hearing being held[,]" however, Appellant acknowledges that the PCRA court held a hearing on November 5, 2021. Appellant's Br. at 4-6.

Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence became final on October 2, 2017, and, therefore, he had until October 2, 2018, to file a timely PCRA Petition.[3] The instant petition, which Appellant filed on March 15, 2021, is patently untimely.

Where, as here, a petitioner files an untimely PCRA Petition, the petitioner must overcome the jurisdictional time-bar by pleading and proving one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. ***Commonwealth v. Spotz***, 171 A.3d 675, 676 (Pa. 2017).

In his PCRA Petition, Appellant attempted to overcome the time-bar by pleading the newly discovered fact exception under 42 Pa.C.S. § 9545(b)(1)(ii). Amended PCRA Petition, 5/14/21, at 21-24, 27. He argued that our Supreme Court's opinion in ***Commonwealth v. Hlubin***, 208 A.3d 1032 (Pa. 2019), which Appellant discovered in October 2020, constituted a new fact. ***Id.*** at 24. Appellant continues to argue on appeal that ***Hlubin*** constitutes a new fact. Appellant's Br. at 10-15.

To invoke the new fact exception, a petitioner must plead and prove "that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence'" in the discovery of those facts. ***Commonwealth v. Bennett***, 930

---

[3] "[A] judgment becomes final at the conclusion of direct review [or] at the expiration of time for seeking the review." 42 Pa.C.S. §§ 9545(b)(3). ***See also*** Pa.R.A.P. 903(a) (providing 30 days to appeal).

A.2d 1264, 1270 (Pa. 2007). Our Supreme Court has commanded in no uncertain terms that "a judicial opinion—even one which may establish a new theory or method of obtaining relief—'does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA.'" *Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020) (citing *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011)).

The PCRA court found that Appellant failed to invoke its jurisdiction over his otherwise untimely PCRA Petition because *Hlubin* cannot "be considered a 'fact.'" PCRA Ct. Op., 12/14/21, at 8. We agree.

Because a judicial decision cannot satisfy the newly discovered fact exception, Appellant's attempt to invoke the exception based on his discovery of the *Hlubin* decision fails to overcome the PCRA's one-year time bar. Since Appellant failed to plead and prove the applicability of any exception to the PCRA's jurisdictional time-bar, we are without jurisdiction to address the merits of this appeal. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition as untimely.[4]

Order affirmed.

---

[4] We observe that the PCRA court found that *Hlubin* was not a "new fact" because the legislature abrogated its holding by statute. PCRA Ct. Op. at 7-8. Although our reasoning differs from the PCRA court's we may affirm an order "for any reason appearing of record." *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/14/2022</u>