J-S09036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMENIC FLORIO | : | |
| | : | |
| Appellant | : | No. 1281 EDA 2023 |

Appeal from the PCRA Order Entered April 27, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007075-1982

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED APRIL 3, 2024**

Domenic Florio ("Florio") appeals pro se from the order entered by the Delaware County Court of Common Pleas dismissing his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Florio filed an untimely PCRA petition and failed to establish an exception to the statutory time-bar, we affirm.

A prior panel of this Court set forth the pertinent factual and procedural histories of this case as follows:

> [Florio] was the owner of a video arcade in Darby Borough, Delaware County. The "arcade was a front store for a drug sales operation[.]" Trial Court Opinion, 5/29/84, at 1. In December 1980, there was a burglary at the arcade, and drugs were stolen. *Id.* at 2. Eventually, [Florio] learned that Scott Taylor was involved in the stealing of the drugs. *Id.* On January 7, 1981, [under Florio's direction,] Scott Taylor was lured to the arcade and

---

[1] 42 Pa.C.S. §§ 9541-9546.

killed with the assistance of two other individuals. *Id.* [Florio] was arrested for Taylor's murder on November 29, 1982.

Trial against [Florio] commenced on April 27, 1983. At trial, a witness for the Commonwealth, Richard Walczak, testified, *inter alia*, that in the first week of June 1981, Bryant Taylor and his brother Billy went to the arcade to talk to [Florio] about their brother Scott's murder. Walczak heard [Florio] saying that if they were to start trouble[], they would end up just like their brother. [Florio]'s Brief, Exhibit B.

On May 4, 1983, [Florio] was found guilty of murder in the first degree, and related charges, in connection with the killing of Scott Taylor. On March 15, 1984, the trial court sentenced him, *inter alia*, to life in prison. On direct appeal, we vacated and remanded to address [Florio]'s claims of ineffective assistance of counsel. On June 19, 1985, the Supreme Court denied petitions for allowance of appeal from the Commonwealth and [Florio].

On remand, the trial court denied post-trial relief. [Florio] appealed to this Court. We affirmed the denial. *See Commonwealth v. Florio*, 2060 PHL 1987 (Pa. Super. filed April 21, 1988). The Supreme Court denied [Florio]'s petition for allowance of appeal on October 3, 1988. [Florio]'s judgment of sentence became final ninety days thereafter (January 3, 1989), at the expiration of the time allowed for seeking a writ of certiorari with the U.S. Supreme Court.

*Commonwealth v. Florio*, 3985 EDA 2017, 2018 WL 5993538 at 1 (Pa. Super. Nov. 15, 2018) (non-precedential decision).

In the years that followed, Florio filed several PCRA petitions. On January 4, 2023, Florio filed pro se the instant PCRA petition, his sixth, in which he raised the newly-discovered fact and newly-recognized constitutional right exceptions to the PCRA's time bar. *See* PCRA Petition, 1/4/2023. Specifically, Florio argued that at trial, the trial court failed to properly instruct the jury on accomplice liability pursuant to *Commonwealth v. Huffman*, 638

A.2d 961 (Pa. 1994), *overruling recognized in Commonwealth v. Maisonet*, 31 A.3d 689, 694 n.2 (Pa. 2011), and *Commonwealth v. Bachert*, 453 A.2d 931 (Pa. 1982).[2] PCRA Petition, 1/4/2023. Florio alleged that the jury instruction on accomplice liability at his trial did not require the jury to find that he possessed the specific intent to kill Taylor to find him guilty of first-degree murder as our Supreme Court required in *Huffman* and *Bachert*. PCRA Petition, 1/4/2023. Florio contended that *Huffman* and *Bachert* decisions recognized a new constitutional right and constituted a newly-discovered fact because he only discovered their existence in November 2022. *Id.*

The PCRA court issued notice of its intent to dismiss Florio's PCRA petition without a hearing, finding Florio's petition facially untimely and that he failed to successfully plead and prove the newly-discovered fact and newly-recognized constitutional right timeliness exceptions, and that it therefore did not have jurisdiction to address the merits of Florio's claim. *See* Notice of Intent to Dismiss PCRA Petition, 3/30/2023. Specifically, the PCRA court explained that *Bachert*, a decision from 1982, and *Huffman*, a decision from 1994, were not newly-discovered facts, as "judicial decisions do not constitute

---

[2] In *Bachert*, our Supreme Court held that "[t]o determine the kind of homicide of which the accomplice is guilty, it is necessary to look to his state of mind; the requisite mental state must be proved beyond a reasonable doubt to be one which the accomplice harbored and cannot depend upon proof of intent to kill only in the principal." *Bachert*, 453 A.2d at 935.

new 'facts' for purposes of the … exception set forth in [s]ection 9545(b)(1)(ii)." *Id.* ¶ 3 (quoting *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018)). Similarly, the PCRA court found that neither case satisfied the newly-recognized constitutional right exception. *Id.* ¶ 4. The PCRA court further stated that even if it had jurisdiction to entertain the merits of Florio's PCRA petition, he would not be entitled to relief. *Id.* ¶ 5. The PCRA court determined that the trial court had properly instructed the jury that it had to find Florio possessed the specific intent to kill Taylor to convict him of first-degree murder under a theory of accomplice liability. *Id.*

On April 21, 2023, Florio filed a response to the PCRA court's notice, and on May 1, 2023, the PCRA court formally dismissed the petition. This timely appeal followed.

Florio presents the following issues for review:

1. [D]id the PCRA Court err by failing to apply *Commonwealth v. Bachert*, [412 A.2d 580 (Pa. Super. 1979),] which was filed on October 19, 1979 --- holding that because there was no showing that defendant shared the intent to take the life of the victim, the evidence was insufficient to establish first[-]degree murder and the conviction as to that charge had to be reversed[?] *Bachert (I)*[,] 412 A.2d at 581-84. "Retroactively" [*sic*] to [Florio]'s contention that his trial attorney did not bring this Court's *Bachert (I)* decision to the trial court's attention on [M]ay 3, 1983, when he asked the trial court to entertain his demurrer argument?

2. Did the PCRA Court err by failing to apply *Commonwealth v. Bachert*, [453 A.2d 931 (Pa. 1982),] which was filed on December 17, 1982 --- holding that to determine the kind of homicide of which the accomplice is guilty, it is ne[ce]ssary to look to his state of mind; the requisite mental state must be proved beyond a reasonable doubt to be one which the accomplice

harbored and cannot depend upon proof of the intent to kill only in the principal[?] **Bachert**, [] 453 A.2d at 935. – "retroactively" [*sic*] to [Florio]'s contention that his trial counsel did not lodge an objection to the trial court's accomplice liability instructions on the grounds of due process and Pennsylvania law (*i.e.*, **Commonwealth v. Bachert (II)**[)].

Florio's Brief at 5.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (quotations and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Id.** (quotation marks and citation omitted); **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Here, Florio's sixth PCRA petition is facially untimely, and he concedes this point. *See* PCRA Petition, 1/4/2023. Although Florio pled the newly-discovered fact and newly-recognized constitutional right exceptions with respect to *Huffman* and *Bachert* and his accomplice liability instruction at trial before the PCRA court, in his appellate brief, Florio fails to reference or argue the applicability of either exception. *See* Florio's Brief at 8-24. We therefore must conclude that Florio has waived his arguments that he has satisfied the newly-discovered fact and newly-recognized constitutional right exceptions because he did not raise them in his appellate brief. *See Commonwealth v. Bradley*, 232 A.3d 747, 756 (Pa Super. 2020) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to

relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also Commonwealth v. Bennett*, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned).

Even if Florio had not waived his arguments, he nonetheless would not be entitled to relief. Based upon our review of the record and the applicable caselaw, we agree with the PCRA court's assessment that *Huffman* and *Bachert* do not satisfy either exception. *See* Notice of Intent to Dismiss PCRA Petition, 3/30/2023, ¶¶ 3-4; PCRA Court Opinion, 6/23/2023, at 1-2; *see also Kretchmar*, 189 A.3d at 467 (holding that judicial decisions are not new "facts" for purposes of the newly-discovered fact exception); *Commonwealth v. Taylor*, 283 A.3d 178, 187 (Pa. 2022) (stating that in order to satisfy the new constitutional right exception "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively"). Moreover, as both decisions were decided several decades ago, Florio clearly did not raise his claims with respect to *Huffman* and *Bachert* within one year of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2). His claim that he just discovered the decisions in 2022 does not change our analysis. *See id.*; *see also Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (explaining that with respect to the newly-recognized constitutional right exception, the time limitation of subsection (b)(2) "begins to run upon the

date of the underlying judicial decision," not the date the petitioner became aware of the decision). We likewise agree with the PCRA court's assessment that the trial court properly instructed the jury as to accomplice liability. ***See*** PCRA Court Opinion, 6/23/2023, at 2-3 (citing N.T., 5/4/83, at 20-21).

In light of the foregoing, the PCRA court did not err in concluding that Florio's petition was untimely, that he failed to satisfy the newly-discovered fact and newly-recognized constitutional right exceptions to the PCRA's time bar, and that it did not have jurisdiction to entertain the merits of Florio's petition. Accordingly, Florio is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/03/2024