J-S47035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKIE RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1102 EDA 2024 |

Appeal from the PCRA Order Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1009231-2005

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED FEBRUARY 10, 2025**

Frankie Rodriguez ("Rodriguez") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his second petition for relief under the Post Conviction Relief Act ("PCRA").[1]  Because Rodriguez filed an untimely PCRA petition and failed to establish an exception to the statutory time-bar, we affirm.

In 2007, a jury convicted Rodriguez of first-degree murder and possessing an instrument of crime.  The trial court sentenced Rodriguez to an aggregate term of life in prison without parole.  This Court affirmed Rodriguez's judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal on March 9, 2011.  ***See Commonwealth v.***

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Rodriguez*, 846 EDA 2008 (Pa. Super. Aug. 18, 2010) (non-precedential decision), *appeal denied*, 20 A.3d 486 (Pa. 2011).

In 2012, Rodriguez filed a timely PCRA petition. The PCRA court eventually denied that petition in 2019. This Court affirmed, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Rodriguez*, 3181 EDA 2019 (Pa. Super. Dec. 15, 2020) (non-precedential decision), *appeal denied*, 149 EAL 2021 (Pa. 2021). On June 15, 2022, Rodriguez filed the instant PCRA petition. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and subsequently dismissed the petition as untimely. Rodriguez filed a timely appeal.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("[T]he timeliness of a PCRA petition is jurisdictional . . . if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief.") (citations omitted). "As the timeliness of a PCRA petition is a question of law, our standard of review is de

novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

All PCRA petitions, "including [] second or subsequent petition[s]," must be filed within one year of the date when the judgment of sentence becomes final, unless the petitioner can plead and prove an exception to that general timeliness requirement. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year deadline are:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** § 9545(b)(1)(i-iii). Additionally, a PCRA petition which relies on one of these three exceptions must be "filed within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

Rodriguez's judgment of sentence became final in 2011. ***Id.*** § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review."); Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because Rodriguez filed the instant PCRA petition on June 15, 2022, it is manifestly untimely.[2]

Rodriguez does not plead or prove any of the timeliness exceptions. Instead, he baldly argues that the PCRA court judge, the Honorable Scott DiClaudio, improperly dismissed the petition as untimely because of his bias and partiality. **See** Rodriguez's Brief at 15-16, 18. Specifically, Rodriguez alleges that Judge DiClaudio should have recused himself based upon his prior representation of Rodriguez in an unrelated criminal matter.[3] **See id.** at 18. Rodriguez's claims of bias do not fall under any of the PCRA time-bar exceptions.[4]

---

[2] Rodriguez argues that his second PCRA petition was timely because it was filed within one year of the date on which the denial of his first PCRA petition became final. **See** Rodriguez's Brief at 16. Rodriguez misconstrues the statute: the one-year clock begins to run on a subsequent PCRA petition when the initial judgment of sentence becomes final, not when decision on the first PCRA petition becomes final. **See** 42 Pa.C.S. § 9545(b)(1). The statute does not provide a mechanism for serial PCRA filers to extend the one-year period indefinitely by filing new petitions.

[3] Rodriguez fails to offer any evidence showing that Judge DiClaudio did in fact represent him or even identify the matter in which the representation allegedly occurred.

[4] We note that in the untimely PCRA petition, Rodriguez alleged, among other things, that he received ineffective assistance of counsel, and that a new

*(Footnote Continued Next Page)*

Because the instant PCRA petition was untimely filed, and Rodriguez failed to plead and prove that one of the exceptions under section 9545(b)(1)(i-iii) applies, this Court lacks jurisdiction to consider the merits of his claims. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2025

---

eyewitness who was previously unavailable at trial is now able to testify on his behalf. **See, e.g.**, PCRA Petition, 2/20/2024, at 6, 10, 11, 15. Rodriguez has waived these arguments by failing to raise them in his appellate brief. **See Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned).