J-S47037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                    :
            v.                       :
                                    :
                                    :
JERRY R. GADDY               :
                                    :
            Appellant         :    No. 1390 EDA 2025

Appeal from the PCRA Order Entered April 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0804411-1976

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                   **FILED MARCH 3, 2026**

Jerry R. Gaddy ("Gaddy") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Gaddy filed an untimely PCRA petition and failed to establish an exception to the statutory time-bar, we affirm.

On July 26, 1976, Gaddy shot and killed Nathan McMillan. On December 29, 1976, a jury found him guilty of first-degree murder, criminal conspiracy, and possessing an instrument of a crime. On June 20, 1977, the trial court sentenced Gaddy to life in prison for the murder conviction, and a concurrent sentence of five to ten years in prison on the conspiracy conviction. This Court

---

[1] 42 Pa.C.S. §§ 9541-9546.

affirmed judgment of sentence on June 22, 1979, and our Supreme Court denied allowance of appeal on January 7, 1980. **See Commonwealth v. Gaddy**, 406 A.2d 1052 (Pa. Super. 1979).

Over the succeeding years, Gaddy filed several post-conviction petitions, all of which were denied and dismissed. **See, e.g., Commonwealth v. Gaddy**, 236 A.3d 1122 (Pa. Super. 2020) (non-precedential decision); **Commonwealth v. Gaddy**, 935 A.2d 10 (Pa. Super. 2007) (non-precedential decision), *appeal denied*, 947 A.2d 736 (Pa. 2008); **Commonwealth v. Gaddy**, 576 A.2d 1133 (Pa. Super. 1990) (non-precedential decision), *appeal denied*, 592 A.3d 43 (Pa. 1991).

On September 27, 2024, Gaddy filed pro se the PCRA petition underlying this appeal. The PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, ultimately dismissing the petition as untimely filed. Gaddy filed a timely notice of appeal, raising numerous claims.

Prior to considering the merits of the claim raised, this Court "must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Id.** (citation omitted); **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and if the petition is untimely, courts lack jurisdiction over the

petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner can plead and prove one of the exceptions to the general timeliness requirement. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time-bar include:

(i)    The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The fact upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by the court to apply retroactively.

*Id.* § 9545(b)(1)(i-iii). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Gaddy's judgment of sentence became final on April 7, 1980, after our Supreme Court denied allowance of appeal on January 7, 1980. *Id.*

§ 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). As such, the PCRA petition, filed on September 27, 2024, is facially untimely.

In his appellate brief, Gaddy failed to include argument on any exception to the PCRA's time-bar. Instead, he raises a variety of substantive claims, including alleged due process violations and ineffective assistance of counsel.[2] As Gaddy fails to invoke any of the timeliness exceptions, this Court lacks jurisdiction to consider the merits of his claims. **See Commonwealth v. Keys**, 328 A.3d 1141, 1146 (Pa. Super. 2024) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims") (citation omitted).

Order affirmed.

Judge Olson joins the Memorandum.

President Judge Emeritus Panella concurs in result.

_____

[2] We note in his untimely PCRA petition, Gaddy attempted to invoke the newly-discovered facts and governmental interference timeliness exceptions, related to the Commonwealth's alleged withholding of police activity sheets in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). **See** PCRA Petition, 9/27/2024, at 3-5; **see also** PCRA Court Opinion, 4/28/2025, at 2-5 (noting Gaddy raised the issue of the police activity sheets in prior PCRA petitions). Gaddy, however, failed to make these arguments before this Court, resulting in waiver. **See Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2026