J-S29013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MICHAEL R. TACKETT :
:
Appellant : No. 317 WDA 2022

Appeal from the Order Entered January 20, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001007-2009

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: November 4, 2022**

Michael R. Tackett appeals *pro se* from the order denying his first

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See***

42 Pa.C.S.A. §§ 9541-9546. We affirm.

On July 12, 2010, Tackett entered a negotiated guilty plea to rape,

involuntary deviate sexual intercourse, aggravated indecent assault,

kidnapping, and robbery in exchange for a sentence of 18 to 36 years in

prison, and the Commonwealth's agreement to waive any determination as to

whether Tackett is a sexually violent predator. That same day, the trial court

accepted the plea and imposed the agreed-upon sentence.[1] Additionally, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On July 16, 2010, the trial court entered an amended sentencing order to fix
the citation to the robbery charge.

trial court noted that Tackett was informed of his duty to register and report as a sexual offender. Tackett did not file a direct appeal.

On August 12, 2021, Tackett filed a *pro se* PCRA petition. The PCRA court appointed Tackett counsel. Subsequently, Tackett's PCRA counsel filed an application to withdraw as counsel and a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), arguing that Tackett's petition was untimely filed, and that none of the timeliness exceptions were applicable. On November 29, 2021, the PCRA court granted PCRA counsel's application to withdraw and indicated its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court advised Tackett that he had 20 days to file a response. On December 15, 2021, Tackett filed a *pro se* petition requesting a time extension to file a response. The PCRA court denied the extension request and subsequently denied Tackett's PCRA petition. Tackett filed a timely notice of appeal.[2]

On appeal, Tackett raises the following questions for our review:

1. Whether trial counsel was ineffective for failing to call an alibi witness that was known to trial counsel and would have proffered testimony that would have supported appellants claim of actual innocence[?]

2. Whether trial counsel was ineffective for failing to notifying [Tackett] in regards to a hearing that was held to quash the

---

[2] The PCRA court's docket mistakenly listed the notice of appeal as filed on March 16, 2022, rather than February 16, 2022. Upon order of this Court, the PCRA corrected the docket entry.

- 2 -

Commonwealth's subpoena to have a counselor from the rape crisis center of New Castle testify for the Commonwealth[?]

3. Whether the PCRA court erred for denying [Tackett's] timely filed request for an extension of time to respond to the court[']s Rule 907 notice[?]

4. Whether PCRA counsel erred by failing to raise issue regard regarding the trial court[']s decision not to record or transcribe a hearing held on December 14, 2009[?]

5. Whether PCRA counsel erred in failing to raise issue in regards to the trial court failing to suppress the use of an illegal identification[?]

6. Whether PCRA counsel erred for failing to raise trial counsel[']s [ineffective assistance of counsel] for giving [Tackett] erroneous advice to plead guilty[?]

Brief for Appellant at 4 (some capitalization omitted).

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in … the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not

address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

We begin by noting that Tackett's judgment of sentence became final on August 16, 2010,[3] after the time to file a notice of appeal to this Court expired. *See* Pa.R.A.P. 903(a) (stating that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, Tackett had until August 16, 2011, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Tackett's petition, which was dated August 12, 2021, was patently untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition where the petitioner can explicitly plead and prove one of three exceptions:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

---

[3] As the thirtieth day of the appeal period, August 15, 2010, fell on a Sunday, Tackett's judgment of sentence became final on Monday, August 16, 2010. *See* 1 Pa.C.S.A. § 1908 (stating that if the last day of an appeal period falls on a Saturday or Sunday, such day(s) shall be omitted from the computation).

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Here, Tackett did not plead or prove any of the above timeliness exceptions.[4] Moreover, Tackett's substantive ineffective assistance of counsel claims does not implicate any of the exceptions to the PCRA time-bar. **See Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) (observing there is no statutory exception to PCRA time-bar applicable to ineffective assistance of counsel claims). As we are without jurisdiction to address the merits of Tackett's PCRA petition, the PCRA court properly denied the petition as untimely.

Moreover, regarding Tackett's claims that PCRA counsel was ineffective, our Supreme Court recently held that the proper procedure for enforcing the right to effective PCRA counsel is by "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [(after obtaining new counsel or acting *pro se*)], even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021).

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised

---

[4] We note that Tackett baldly pleaded the governmental interference and newly-discovered facts exceptions to the time-bar in his *pro se* PCRA petition. **See** PCRA Petition, 8/12/21 at 6. However, Tackett's appellate brief does not present any argument in favor of these exceptions on appeal; accordingly, they are waived. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned).

ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Id.* at 402 (citations, brackets, and quotation marks omitted). In other words, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Id.* at 403.

We acknowledge that Tackett properly raises his PCRA counsel's ineffectiveness claims in his appellate brief for the first time. However, Tackett is not entitled to relief on this claim or further remand to develop the record. Indeed, he merely raises bald allegations of PCRA counsel's ineffectiveness regarding his failure to raise claims that the trial court failed to transcribe a hearing, raise an issue regarding the trial court's failure to suppress the victim's identification of him as the perpetrator, and plea counsel's purported ineffectiveness, without addressing the three-pronged ineffectiveness test. Importantly, Tackett does not address the timeliness of his PCRA petition or the failure to invoke a timeliness exception. As such, even if one of his claims of PCRA counsel's ineffectiveness had arguable merit, he has not established that he suffered any prejudice. Accordingly, based upon this argument and record, we conclude that Tackett's PCRA counsel ineffectiveness claims are

without merit. ***See id.*** at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief).

Finally, in a single paragraph, Tackett argues that he did not receive the PCRA court's Rule 907 notice until four days before the deadline, which prevented him from filing a timely response. ***See*** Brief for Appellant at 12. However, Tackett does not seek any meaningful relief, nor does he highlight any arguments he would have raised in the response. ***See Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (stating that this Court will not act as counsel or develop arguments for appellant, and that raising issues without analysis or citation to pertinent authority precludes appellate review of the claim). In any event, where a PCRA petition is untimely, there is no requirement that the PCRA court issue a Rule 907 notice, and Tackett cannot establish that he is entitled to any relief for the failure to allow him more time to file a response to the notice. ***See Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (concluding that where the PCRA petition is untimely, the failure to provide Rule 907 notice does not entitle an appellant to relief).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/4/2022