J-S44003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY WAYNE THOMPSON | : | |
| | : | |
| Appellant | : | No. 824 MDA 2022 |

Appeal from the PCRA Order Entered April 12, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001137-2014

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: MARCH 28, 2023**

Ricky Wayne Thompson appeals *pro se* from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In September 2015, a jury found Thompson guilty of intimidation of witnesses or victims, endangering the welfare of children, corruption of minors, indecent assault, and indecent exposure arising out of incidents involving Thompson's step-granddaughter. The trial court found Thompson was a sexually violent predator and subsequently sentenced him to 25 to 50 years in prison. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***See***

---

[*] Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Thompson***, 958 MDA 2016 (Pa. Super. filed Sept. 21, 2017) (unpublished memorandum), *appeal denied*, 182 A.3d 436 (Pa. 2018). Following the denial of allowance of appeal, Thompson's appellate counsel filed a motion to withdraw representation, which the trial court granted.

On August 13, 2021, Thompson filed a *pro se* PCRA petition. The PCRA court appointed Thompson counsel, who filed a motion to withdraw and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice. On April 11, 2022, the PCRA court dismissed the petition. However, on April 19, 2022, Thompson filed a *pro se* response to the Rule 907 notice. On April 29, 2022, the PCRA court entered a supplemental order, again dismissing the PCRA petition. Thompson filed a notice of appeal on May 31, 2022, which was subsequently docketed on June 2, 2022.

On June 29, 2022, this Court, finding that Thompson's representation status was unclear, entered an order directing the PCRA court to rule on Thompson's PCRA counsel's motion to withdraw. On July 7, 2022, the PCRA court granted PCRA counsel's motion to withdraw.

On appeal, Thompson raises the following question for our review:

1. Did the trial court err by dismissing [Thompson's] PCRA petition for failure to respond to [the] court's order and notice of intent to dismiss?

2. Did the trial court err by dismissing [Thompson's] PCRA petition as untimely filed?

3. Did court[-]appointed counsel err in filing a **Finley** letter stating that [Thompson's] PCRA petition was untimely filed, thus violating [Thompson's] 6th Amendment constitutional right to effective counsel?

4. Did trial judge Stephen B. Lieberman err in denying [Thompson] Post Conviction Relief Act review after committing judicial misconduct, governmental interference, and a violation of (law) case law precedent and constitutional rights?

Appellant's Brief at IV (some punctuation omitted).

We must first determine if Thompson's appeal was timely filed. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*."). Generally, hybrid representation is not permitted in this Commonwealth. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. Moreover, a *pro se* filing has no tolling effect." **Id.** Nevertheless, an appellant shall not "be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court." **Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015).

Here, PCRA counsel filed a motion to withdraw on February 7, 2022. On March 18, 2022, the PCRA court entered a Rule 907 notice of its intent to dismiss Thompson's PCRA petition without a hearing. This order was sent to both Thompson and his PCRA counsel. Thereafter, the PCRA court dismissed

- 3 -

Thompson's petition on April 12, 2022, without ruling upon PCRA counsel's motion to withdraw. According to the order, it was served upon Thompson and his attorney; however, the date of service of the order was not entered on the docket. Subsequently, after Thompson filed a late response to the PCRA court's Rule 907 notice, the PCRA court entered a supplemental order, dismissing the PCRA petition on April 29, 2022, again without ruling on PCRA counsel's motion to withdraw. The order was sent to Thompson, but the docket did not reflect the date of service. Thompson then mailed the notice of appeal on May 31, 2022, the Tuesday after Memorial Day and within 30 days of the April 29, 2022 order. After direction by this Court to rule on PCRA counsel's motion to withdraw, the PCRA court entered an order granting the motion on July 7, 2022.

Instantly, the record before us reveals a plethora of filings and orders while PCRA counsel's motion to withdraw was pending. In fact, despite the fact the PCRA court did not rule on the motion to withdraw and PCRA counsel was counsel of record, counsel took no action even after Thompson's *pro se* filings. Importantly, although the orders reflect service was provided to Thompson and PCRA counsel, the docket did not include the date of service of the orders to Thompson or counsel. **See** Pa.R.Crim.P. 114(C)(2)(c) (requiring the trial court to serve copies of the order on the parties and record the date of service on the docket); **see also** Pa.R.Crim.P. 907(4) (noting that Rule 114 is applicable to orders dismissing a PCRA petition without a hearing).

Therefore, the appeal period never started to run under these circumstances. *See Commonwealth v. Midgley*, \_\_\_ A.3d \_\_\_, 2023 WL 1793570 *3 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service … we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely); *see also Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019) ("[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule." (citation omitted)). Accordingly, we will address Thompson's appeal.[1]

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in … the Supreme Court of Pennsylvania, or at

---

[1] The Commonwealth states that it would not raise any argument regarding the timeliness of the appeal. *See* Commonwealth's Brief at 1 n.2.

the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

We begin by noting that Thompson's judgment of sentence became final on May 29, 2018,[2] after the time to file a notice of appeal to United States Supreme Court expired. *See Commonwealth v. Miller*, 102 A.3d 988, 993 (Pa. Super. 2014). Accordingly, Thompson had until May 29, 2019, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Thompson's petition, which was dated August 13, 2021, was patently untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition where the petitioner can explicitly plead and prove one of three exceptions:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] As the ninetieth day of the appeal period, May 28, 2018, fell on Memorial Day, Thompson's judgment of sentence became final on Tuesday, May 29, 2018. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."); *see also* 5 U.S.C.A. § 6103(a) (declaring Memorial Day, the last Monday of May, as a public holiday); 44 P.S. § 11 (designating Memorial Day as a holiday).

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

First, Thompson invokes the governmental interference exception, baldly arguing that trial judge committed judicial misconduct by increasing his misdemeanor convictions to felony convictions at sentencing on May 11, 2016. *See* Appellant's Brief at 5. However, Thompson has not demonstrated that the failure to raise this claim was the result of interference by the judge or that he raised this claim within one year of the date it could have been presented. *See* 42 Pa.C.S.A. § 9545(b). Accordingly, Thompson did not properly invoke this exception.

Thompson also invokes the governmental interference exception for allowing his direct appeal counsel to withdraw his representation in August 2019, and the trial court's failure to appoint PCRA counsel at that time. Nevertheless, Thompson did not raise such a claim in his PCRA petition;

accordingly, it is waived.[3] *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (stating that exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal).[4]

Moreover, Thompson raises a legality of sentence challenge without invoking any timeliness exception. *See* Appellant's Brief at 6. It is well-settled that this Court cannot review a legality of sentence claim where the court does not have jurisdiction. *See Miller*, 102 A.3d at 995 (stating that "though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citation and brackets omitted)).

Finally, we note that in his *pro se* PCRA petition, Thompson baldly invoked the newly-discovered facts and newly-recognized constitutional right exceptions. *See* PCRA Petition, 8/13/21 at 2. However, Thompson's appellate brief does not present any argument relating to these exceptions on appeal; accordingly, they are waived. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Bennett*, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA

---

[3] Thompson raised this claim for the first time in his *pro se* response to his PCRA counsel's no-merit letter but did not invoke a timeliness exception at this time.

[4] We further note that even if Thompson preserved this claim in his PCRA petition, he has not raised the claim within one year of when it could have been presented, as appellate counsel withdrew in August 2019, and he did not file his petition until August 2021.

petition and not presented on appeal are deemed abandoned). In light of the foregoing, Thompson did not plead or prove any of the above timeliness exceptions and the PCRA court properly dismissed the petition as untimely. *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) ("The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." (citation omitted)).

Additionally, Thompson claims that his PCRA counsel was ineffective for filing a no-merit letter and seeking to withdraw. *See* Appellant's Brief at 4. Thompson argues that PCRA counsel failed to properly investigate whether his right to counsel for his first PCRA petition was violated when his direct appeal counsel withdrew his representation. *See id.* According to Thompson, when direct appeal counsel withdrew, the judge should have informed him of the deadline to file a timely PCRA petition. *See id.*

Our Supreme Court recently held that the proper procedure for enforcing the right to effective PCRA counsel is by "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [(after obtaining new counsel or acting *pro se*)], even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). Notably, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Id.* at 403.

We acknowledge that Thompson properly raises his PCRA counsel's ineffectiveness claim in his appellate brief for the first time. However, he

merely raises bald allegations of PCRA counsel's ineffectiveness, without addressing the three-pronged ineffectiveness test. ***See id.*** at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief or further remand). Moreover, Thompson fails to establish that PCRA counsel improperly withdrew under the precepts of ***Turner***/***Finley***. Therefore, Thompson is not entitled to relief on this claim or further remand to develop the record.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023