J-S14012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVE ROBERT LOVASZ | : | |
| | : | |
| Appellant | : | No. 1467 WDA 2022 |

Appeal from the PCRA Order Entered November 18, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000169-1987

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: AUGUST 7, 2023**

Steve Robert Lovasz appeals *pro se* from the order dismissing his fifth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9545. We affirm.

On January 26, 1987, Lovasz, acting in concert with his brother, stabbed and fatally wounded Phillip Morris. Lovasz then stole Morris's wallet and placed his body into the trunk of a vehicle. Eventually, the police arrested Lovasz and the Commonwealth charged him with numerous crimes. Ultimately, a jury convicted Lovasz of first-degree murder, robbery, and conspiracy. The trial court imposed an aggregate sentence of life in prison. This Court affirmed the judgment of sentence, and on March 27, 1990, our Supreme Court denied

_____

[*] Retired Senior Judge assigned to the Superior Court.

allowance of appeal. **See Commonwealth v. Lovasz**, 564 A.2d 260 (Pa. Super. 1989) (unpublished memorandum), *appeal denied*, 575 A.2d 110 (Pa. 1990). Lovasz previously filed four PCRA petitions, all of which were denied or dismissed.

On July 11, 2022, Lovasz filed the instant PCRA petition, raising claims substantially similar to the claims raised in his fourth PCRA petition. Specifically, Lovasz argued that the Commonwealth committed a **Brady**[1] violation by failing to inform him that his prior counsel in this matter, Mark Morrison, was imprisoned in 2011, which evidenced a "dirty deal." Lovasz also raised an ineffective assistance of counsel claim. The PCRA court issued a Pa.R.Crim.P. 907 notice. Thereafter, the PCRA court dismissed the petition without a hearing. This timely appeal followed.

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. **See Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in … the Supreme Court of Pennsylvania, or at

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Lovasz's judgment of sentence became final in 1990, after the time to seek review with the United States Supreme Court expired. *See Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa. Super. 2022). Accordingly, Lovasz's PCRA petition, filed on July 11, 2022, was patently untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

However, Pennsylvania courts may consider an untimely PCRA petition where the petitioner can explicitly plead and prove one of three exceptions:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Here, Lovasz did not plead or prove any of the above timeliness exceptions.[2] To the extent Lovasz raises a substantive ineffective assistance of counsel claim, it does not implicate any of the exceptions to the PCRA time-bar. **See Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) (observing there is no statutory exception to PCRA time-bar applicable to ineffective assistance of counsel claims). As we are without jurisdiction to address the merits of Lovasz's PCRA petition, the PCRA court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2023

---

[2] We note that Lovasz baldly pleaded the three exceptions to the time-bar in his *pro se* PCRA petition. **See** PCRA Petition, 7/11/22, at 3. However, Lovasz's appellate brief does not present any argument in favor of these exceptions on appeal; accordingly, they are waived. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned).