J-S22015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK DAVIS | : | |
| | : | |
| Appellant | : | No. 1881 MDA 2024 |

Appeal from the PCRA Order Entered November 27, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002647-2020

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:      **FILED: NOVEMBER 20, 2025**

Derrick Davis appeals, *pro se*, from the order, entered in the Court of Common Pleas of Berks County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Upon review, we affirm.

On November 22, 2021, Davis entered a negotiated guilty plea to one count each of persons not to possess firearm[2] and possession with intent to deliver a controlled substance (PWID).[3] On the same date, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] 35 P.S. § 780-113(a)(30).

sentenced him to concurrent sentences of 7 to 14 years' incarceration.[4] Davis did not file a timely post sentence motion or a direct appeal.[5] *Id.* Therefore, for the purposes of the PCRA, Davis's judgment of sentence became final on December 22, 2021.[6]

On July 11, 2024, Davis filed the instant *pro se* PCRA petition, alleging ineffective assistance of plea counsel for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600 and failing to properly investigate the Commonwealth's allegation that the substance at issue in his PWID conviction was, in fact, fentanyl. *See* Pro Se PCRA Petition, at 4. On July 31, 2024, the trial court appointed PCRA counsel and, on August 21, 2024, PCRA counsel filed a *Turner/Finley*[7] no-merit letter and petition to withdraw from representation.

In particular, PCRA counsel concluded that Davis's petition was untimely and that there was nothing in the record, or any other materials or information

---

[4] On the same date, Davis also pled guilty and was sentenced at docket numbers CP-06-CR-5134-2018 and CP-06-CR-2770-2018. However, Davis did not file a PCRA petition in either case and, thus, they are not before us. *See* PCRA Court Order, 9/19/24, at 1 n.1.

[5] In 2022, Davis filed two *pro se* motions for modification of sentence, both of which were denied as untimely. Davis also filed several requests for discovery in 2023 as well as a motion to stop Act 84 deductions from his inmate account. All those motions were denied. *See* PCRA Court Order, 9/19/24, at 1.

[6] *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the expiration of time for seeking appellate review").

[7] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

reviewed, that could reasonably satisfy any exception to the timeliness requirements of the PCRA. *See Turner*/*Finley* Letter, 8/21/24, at 2-3. On September 19, 2024, the PCRA court granted PCRA counsel's motion to withdraw and entered a Pa.R.Crim.P. 907 notice of its intent to dismiss Davis's PCRA petition without a hearing because it was untimely and Davis had not proven an exception to the timeliness requirements. *See* PCRA Order, 9/19/24, at 1.

On November 5, 2024, Davis filed a *pro se* Rule 907 response, alleging that his petition was timely under the governmental interference and newly discovered facts exceptions to the PCRA's time bar, 42 Pa.C.S.A. §§ 9545(b)(1)(i) and (ii). *See* Appellant's Rule 907 Response, 11/5/24, at 2-5. Davis also alleged ineffective assistance of PCRA counsel, pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), for failure to perform a proper investigation into any PCRA exception to the one-year time bar. *See* Appellant's 907 Rule Response, 11/5/24, at 5-6. On November 27, 2024, the PCRA court dismissed Davis's PCRA petition as untimely and found that no exception had been proven.

Davis filed a timely notice of appeal. Both Davis and the PCRA court complied with Pa.R.A.P. 1925.[8] On appeal, Davis raises the following issues:

---

[8] The PCRA court adopted its September 19, 2024 Order and Notice of Intent to Dismiss and its November 27, 2024 Order of Dismissal as its Rule 1925(a) opinion in this matter. *See* PCRA Court Opinion, 2/24/25, at 1-2; *see also* Pa.R.A.P. 1925(a)(1) (trial judge need not file separate trial court opinion for purpose of appeal where "reasons for the order [giving rise to the notice of appeal] already appear of record").

1. PCRA counsel was ineffective for failing to consult with [Davis and] develop and obtain evidence capable of satisfying one of the PCRA's timeliness exceptions.

2. PCRA counsel was ineffective for failing to request and investigate the lab results related to the alleged fentanyl at issue[,] pursuant to Pa.R.Crim.P. 902(E)(1)[,] before filing a no[-]merit letter.

3. The PCRA [c]ourt erred in dismissing the [p]etition based the assumption that discovery was provided indicating that fentanyl was detected without input from the Commonwealth, and for assuming the substance of plea counsel's expected testimony related to discovery without input from counsel.

Appellant's Brief, at 2.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

Before addressing Davis's claims, we must determine whether his petition is timely and, if not, whether he has satisfied a timeliness exception. The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). If a PCRA petition is untimely, the trial court lacks jurisdiction over the petition and, thus, does not have the legal authority to address the petitioner's substantive claims. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

Instantly, Davis's judgment of sentence became final on December 22, 2021, when the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. §

9545(b)(3); Pa.R.A.P. 903. Therefore, he had until December 22, 2022 to file a timely PCRA petition. *Id.* at § 9545(b)(1) (absent exception, petition for PCRA relief must be filed within one year of date on which judgment of sentence becomes final). Because Davis filed his PCRA petition on July 11, 2024, nearly nineteen months after the expiration of the one-year period to file a PCRA petition, it is facially untimely.

Therefore, in order to consider the merits Davis's PCRA petition, we must first determine whether he has pled and proved one of the three statutory exceptions to the PCRA time bar. Pennsylvania courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at §§ 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

On appeal, Davis argues that he has satisfied the governmental interference exception. In particular, he asserts that the COVID-19 protocols implemented at Pennsylvania prisons prevented him from accessing the prison's law library during the period in which he had to file a timely PCRA petition.[9] *See* Appellant's Brief, at 5-10. Specifically, Davis asserts he was "denied access to the prison[']s law library []during the period he had to file a timely PCRA petition[] in violation of his rights[.]" *Id.* at 9.

We find Davis's claim of governmental interference waived. While Davis raised the timeliness exception of governmental interference in his Rule 907 response, he did so in the context that the Commonwealth violated **Brady** by either failing to test the controlled substance from his conviction or that the laboratory results were exculpatory, and the Commonwealth deliberately withheld them.[10] *See* Rule 907 Response, 11/5/24, at 4-5. Here, for the first time on appeal, Davis asserts that he has satisfied the governmental

_____

[9] In support of his argument to overcome the timeliness bar, Davis relies on a memorandum dated March 22, 2020 from the Acting Chief Counsel of the Pennsylvania Department of Corrections to the inmate population, discussing restrictions on library use due to COVID-19. *See* Appellant's Exhibit D. This memorandum is not part of the record, and we cannot consider it. *See* **Commonwealth v. Holston**, 211 A.3d 1264, 1275-76 (Pa. Super. 2019) (en banc) (material outside of certified record does not exist for purpose of appellate review and may result in waiver of issue).

[10] Davis does not raise this specific claim on appeal, and it is therefore abandoned. *See* Pa.R.A.P. 2116(a), 2119(a); **Commonwealth v. Bennett**, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issue raised in PCRA petition and not presented on appeal is deemed abandoned).

interference exception based on COVID-19 restrictions. "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007); ***see also*** Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Therefore, Davis has waived this claim for failing to raise it before the PCRA court.[11] ***See Washington***, ***supra***.

Next, Davis contends that PCRA counsel was ineffective for failing to consult with Davis regarding his petition, particularly on the PCRA's timeliness exceptions, and failing to investigate the lab results related to the alleged fentanyl at issue. ***See*** Appellant's Brief, at 5-13. Davis contends that, if not for PCRA counsel's failure to consult with Davis and obtain records from the Pennsylvania Department of Corrections, he would have been able to prove the statutory timeliness exception of governmental interference, pursuant to subsection 9545(b)(2). ***See*** Appellant's Brief, at 5-11. He raises these claims

---

[11] Even if Davis had not waived his argument, his blanket assertion that COVID-19 restrictions on access to the law library prevented him from filing a timely PCRA petition is, alone, not enough to prove governmental inference. ***See Commonwealth v. Miller***, 296 A.3d 605, *13-14 (Pa. Super. 2023) (Table) ("allegations of [COVID-19] restrictions on access to law libraries or legal resources do not completely prevent an inmate from preparing legal filings"); ***Commonwealth v. Cruz***, 290 A.3d 681, *5-7 (Pa. Super. 2022) (Table) (appellant presented inadequate evidence to prove limited access to prison law library during COVID-19 inhibited ability to file timely PCRA and, thus, failed to satisfy governmental inference exception). ***See also*** Pa.R.A.P. 126 (unpublished, non-precedential memorandum decisions of this Court filed after May 1, 2019 may be cited for persuasive value). Here, Davis has presented no evidence of record that would satisfy the governmental interference timeliness exception.

under *Bradley*, alleging that, because he is raising them at the first opportunity following the dismissal of his PCRA petition, this Court may review his ineffectiveness of counsel claims or remand to the PCRA court if further development of the record is required. *See* Appellant's Brief, at 6-9; 12-13; *see also* Appellant's Reply Brief, at 4-6.

We begin by observing that our Supreme Court recently held, in *Commonwealth v. Laird*, 331 A.3d 579 (Pa. 2025), that *Bradley* does not establish an equitable exception to the PCRA's time-bar and that its rationale cannot be used to create one. *Laird*, 331 A.3d at 583.

In *Bradley*, our Supreme Court addressed the dilemma of when a defendant may raise claims of ineffective assistance of PCRA counsel and held that such claims may be raised for the first time during a collateral appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. *Id.* at 401-05. However, regarding the effect of *Bradley* on the jurisdictional nature of untimely PCRA claims, our Supreme Court explained:

> [A]s a jurisdictional matter, it makes no difference what types of claims are raised or the circumstances under which the claims arise with regard to whether a PCRA petition is timely or meets a timeliness exception. **If claims are cognizable under the PCRA[,] but are filed in an untimely manner without an applicable exception, no court has the lawful authority to adjudicate those claims.**

*Laird*, 331 A.3d at 599 (emphasis added; internal citations omitted).

Here, Davis's *Bradley* claims do not create an exception to his untimely PCRA petition, regardless of whether it is his first PCRA petition; therefore,

without an adequately pled exception, Davis's PCRA petition is untimely. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 724 (Pa. 2003) ("couching claims in ineffectiveness terms does not save an untimely petition"); *see also Commonwealth v. Measnikoff*, 2025 Pa. Super. Unpub. LEXIS 2025, *8 (Pa. Super. filed August 7, 2025) (noting our Supreme Court "unequivocally [held] that '[ineffective assistance of counsel] claims cannot generate equitable exceptions to the PCRA's time-bar.'").

Because Davis has not pled or proven any statutory exception to the PCRA's one-year time limit, and because *Bradley* does not provide an equitable exception to the PCRA's timeliness requirements, the trial court correctly dismissed Davis's PCRA petition as untimely. Thus, we are without jurisdiction to consider the merits of his claims. *See Commonwealth v. Hernandez*, 79 A.3d 649, 654-55 (Pa. Super. 2013) (finding no jurisdiction to hear ineffective assistance of counsel claim where PCRA petition untimely).

Order affirmed.
Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2025