J-S11034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| KEITH CHRISTOPHER GIRVAN | : | |
| | : | |
| Appellant | : | |
| | : | No. 1028 WDA 2025 |

Appeal from the PCRA Order Entered July 29, 2025
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000159-2019

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                 **FILED: May 26, 2026**

Keith Christopher Girvan appeals, *pro se*, from the order, entered in the Court of Common Pleas of Clarion County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we affirm.

On November 25, 2019, Girvan was convicted by a jury of multiple offenses stemming from the physical assault of his father (Robert) and mother (Carol).  Girvan was sentenced to five to ten years' incarceration on December 18, 2019.  Girvan filed an appeal, and, on July 14, 2021, this Court affirmed his judgment of sentence.  **See Commonwealth v. Girvan**, 260 A.3d 145 (Pa. Super. 2021) (Table).  On November 4, 2021, Girvan filed an untimely petition for allowance of appeal of his judgment of sentence to our Supreme

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Court, which the Court denied on March 10, 2022.[2]  Additionally, Girvan filed

a *pro se* petition for a writ of habeas corpus in the federal District Court of

Western Pennsylvania,[3] which was ultimately denied on April 4, 2024.  ***See***

***Girvan v. Adams***, 2024 U.S. Dist. LEXIS 62800 (W.D. Pa. filed Apr. 5, 2024);

***see also id.***, 2024 U.S. Dist. LEXIS 240011, at *6 (W.D. Pa. filed May 24,

2024) (denying motion seeking to alter/amend judgment).

On March 24, 2025, Girvan filed the instant *pro se* PCRA petition.  The

PCRA court appointed LaVieta Lerch, Esquire, to represent him.  Upon review

of the record, on June 23, 2025, Attorney Lerch filed a ***Turner***/***Finley***[4] "no

merit" letter and a motion to withdraw, stating Girvan's PCRA petition was

untimely and did not plead and prove a timeliness exception.[5]  The court

---

[2] We note that, while this Court filed its memorandum affirming Girvan's judgment of sentence on July 14, 2021, the memorandum was date-stamped in Clarion County on August 26, 2021.  Nonetheless, even if we were to use the Clarion County filing date, Girvan had until September 27, 2021 to file, still rendering his petition to our Supreme Court untimely.  ***See*** Pa.R.A.P. 1113(a) (petition of allowance of appeal shall be filed within thirty days after entry of order of Pennsylvania Superior Court sought to be reviewed).

[3] Girvan filed a *pro se* petition for a writ of habeas corpus on July 19, 2021, which was prior to his judgment becoming final.  However, based on the record, it is unclear to us whether this is the same petition denied in ***Girvan v. Adams***, 2024 U.S. Dist. LEXIS 62800, at *2 (W.D. Pa. filed Apr. 5, 2024), or if Girvan filed another petition at a later date.

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[5] Girvan attempted to amend his PCRA petition on June 19, 2025.  However, at that time, he was still represented by counsel and, thus, the amendment was a legal nullity.  ***See Commonwealth v. Leatherby***, 116 A.3d 73, 78
*(Footnote Continued Next Page)*

granted the motion to withdraw and, on June 26, 2025, issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, finding that Girvan's PCRA petition raised no genuine issues of material fact. *See* Order, 6/26/25. Girvan filed a response on July 14, 2025. The PCRA court issued an order on July 28, 2025, dismissing Girvan's PCRA petition.

Girvan filed this timely appeal. Both Girvan and the PCRA court complied with the requirements of Pa.R.A.P. 1925.

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted). There is no absolute right to a PCRA hearing, and we review dismissal without a hearing "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015) (en banc).

Initially, we note Girvan's *pro se* brief does not contain a table of citations, statement of questions presented, and has no divided argument section or headings. As such, it is non-compliant with our appellate rules. *See* Pa.R.A.P. 2111(a). Due to the disorganized nature of Girvan's appellate

_____

(Pa. Super. 2015). The PCRA court provided Girvan the option to submit this amendment as his response. *See* Order, 3/26/25. However, Girvan filed a separate response on July 14, 2025.

- 3 -

brief, it is difficult to ascertain which issues raised in his Rule 1925(b) statement are raised in his brief, as many of them coalesce into a singular argument. We could dismiss Girvan's appeal on this basis alone. *See* Pa.R.A.P. 2101; *see also Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant; to the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). However, upon review, we conclude that the PCRA court lacked jurisdiction to entertain Girvan's PCRA petition because it was untimely without exception.[6] We, therefore, affirm on that basis.

---

[6] The PCRA court summarized the following issues raised by Girvan in his 1925(b) statement: "(1) his father committed unsworn falsification and perjury at the trial, his mother has submitted an affidavit of new facts, and this court obstructed the appeal of his conviction to the Supreme Court; (2) his PCRA counsel was ineffective, he did not voluntarily waive his right to counsel at trial and sentencing, and a record was not made of the [*Commonwealth v.*] *Grazier*[, 713 A.2d 81 (Pa. 1998),] hearing; (3) he was convicted without a public trial because he did not see anyone in the courtroom, and he was not able to contact private counsel to represent him at trial and sentencing because he did not have access to an inmate phone system at the jail; (4) his sentence was illegal, the court did not state reason for the sentence, he was unrepresented at sentencing, the district attorney committed misconduct by arguing at sentencing that he had mental illness and showed no remorse; and (5) the district attorney committed prosecutorial misconduct by using perjured testimony and '*Brady*'[ *v. Maryland*, 373 U.S. 83 (1963)] suppression, by stating in his appellate brief that [Girvan] engaged in dilatory and obstructive behavior, did not attempt to secure counsel, and insisted upon particular counsel." PCRA Court Opinion, 9/18/25, at 1-2
*(Footnote Continued Next Page)*

- 4 -

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) ("no court has jurisdiction to hear an untimely PCRA petition") (citation omitted). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, because Girvan's petition for allowance of appeal to our Supreme Court was untimely filed, Girvan's judgment of sentence became final on August 13, 2021, when the time for seeking review expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (holding untimely petition for allowance of appeal, which was later denied, does not operate to circumvent time restrictions of PCRA by altering date on which appellant's sentence became final). Therefore, Girvan had one year from that date, until August 13, 2022, to file a timely PCRA

_____

(unpaginated). While the PCRA court found Girvan's third, fourth, and fifth issues untimely, the court briefly assessed the merits of his first and second issues. *Id.* at 2-3 (unpaginated).

petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (absent exception, petition for PCRA relief must be filed within one year of date on which judgment of sentence becomes final). Girvan's PCRA petition, filed on March 24, 2025, nearly three years after the expiration of the one-year period to file a PCRA petition, is, thus, facially untimely.

Because Girvan's PCRA petition is untimely, Girvan was required to plead and prove one of the three statutory exceptions to the PCRA time bar. Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and

none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016).

On appeal, Girvan contends that his PCRA petition is timely under three different theories.[7]  First, he claims that his petition is facially timely as it was filed within one year of the December 9, 2024 United States Supreme Court's denial of his writ of certiorari with respect to his federal habeas corpus claim. **See** Appellant's Brief, at 12 (unpaginated).  This argument is expressly contrary to the PCRA statute, which does not permit the tolling of time limitations except as provided in the statute. **See Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (limiting doctrine of equitable tolling only to that provided in subsections 9545(b)(1)(i)-(iii)).  "To allow tolling of the PCRA's time limitations where a writ for federal habeas relief has been filed would undermine the federal policy of initial state review, and in fact, would encourage initial review in the federal system." **Id.**  Here, Girvan sought appeal with the Supreme Court of the denial of his federal writ of habeas corpus, which does not implicate any of the exceptions of the PCRA. Accordingly, the December 9, 2024 denial by the United States Supreme Court did not toll the PCRA time limitation. **See Fahy**, **supra**.

---

[7] Many of these arguments are discussed as part of his claim of ineffective assistance of PCRA counsel.  **See** Appellant's Brief, at 10, 12-14 (unpaginated).  To the extent we can discern Girvan's timeliness arguments, we discuss them **infra**.

- 7 -

Next, Girvan invokes the governmental interference exception by claiming that his decision to file a writ of habeas corpus, rather than a PCRA petition, was based on the information available at State Correctional Institution (SCI) Mercer's law library, an order addressing exhaustion of state remedies from "[United States] District Court" dated December 29, 2021, and a statement by "respondent and [assistant district attorney (ADA)] Erich Spessard admitt[ing] exhaustion of state remedies." Appellant's Brief, at 13 (unpaginated). Girvan claims these factors contributed to his lack of awareness of timeliness and tolling issues "until after considerable due diligence." **Id.** Girvan also asserts that his access to essential information was severely limited due to the COVID-19 pandemic. **Id.**

To demonstrate the "governmental interference exception," the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (explaining exception requires petitioner to plead facts upon which claim is predicated were not previously known to petitioner and could not have been ascertained through due diligence). This Court has stated that to make a successful claim under this exception, an appellant must show a "violation of his rights under constitutional or state law." **Commonwealth v. Rizvi**, 166 A.3d 344, 348 (Pa. Super. 2017); **see also** 42 Pa.C.S.A. § 9545(b)(1)(i). Ignorance of the law does not excuse a failure to file a PCRA petition within the required

timeframe. *See Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001).

Here, Girvan fails to cite to anywhere in the record where the December 29, 2021 order from an unspecified United States District Court exists or where ADA Spessard discussed exhaustion of state remedies. *See Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018) ("We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]"). Nonetheless, neither of these allegations demonstrate that government officials interfered with Girvan's ability to timely raise any of his claims.

Regarding access to SCI Mercer's law library, Girvan's complaint that the information available at the law library led him to conclude filing a federal writ of habeas corpus before a PCRA petition was "proper legal procedure" for his case is meritless, as ignorance of the law does not meet any exception to the PCRA time bar. *See* Appellant's Brief, at 12 (unpaginated);[8] *Baldwin*, *supra*. Nor does this assertion establish that the limited law library was a violation of his rights under constitutional or state law. *See Rizvi*, 166 A.3d at 348 (concluding limited library access and restrictive housing status did not

---

[8] Confusingly, Girvan argues both that he was attempting to preserve his rights by filing a federal writ of habeas corpus based on the information he received, and that PCRA counsel was ineffective for falsely attributing to Girvan the statement he "believed filing the habeas corpus/appeals in federal court would toll his time for filing a PCRA." Appellant's Brief, at 12-13 (unpaginated).

establish governmental interference, absent allegations prison policies violated constitutional or state laws); ***Commonwealth v. Horne***, 2025 Pa. Super. Unpub. LEXIS 3234, at *9 (Pa. Super. Dec. 22, 2025)[9] (holding petitioner's complaint that Maryland Department of Corrections' law library limited his research insufficient to establish claim of governmental interference).

Additionally, without more, Girvan's blanket assertion of COVID-19 pandemic restrictions to his access to SCI Mercer's law library is not enough to prove governmental interference. ***See Commonwealth v. Bankhead***, 217 A.3d 1245, 1248 (Pa. Super. 2019) (stating "without an assertion of illegality on the part of government officers, restrictions on access to prison resources does not qualify a petition for the governmental interference exception"). Notably, Girvan was able to file, albeit untimely, a petition for allowance of appeal of his judgment of sentence to our Supreme Court, so it is unclear to us how he was prohibited from filing a timely PCRA petition. ***See Albrecht***, 994 A.2d at 1095 (allegations of restrictions on access to law libraries or legal resources, which do not completely prevent inmate from preparing legal filings, do not satisfy government interference exception to

_____

[9] ***See*** Pa.R.A.P. 126 (unpublished, non-precedential memorandum decisions of this Court filed after May 1, 2019, may be cited for persuasive value).

PCRA time-bar). Thus, Girvan fails to prove the governmental interference exception.[10]

Lastly, Girvan contends that he meets the exception for newly discovered facts under subsection 9545(b)(1)(ii), because he and his mother have new impeachment evidence against his father. *See* Appellant's Brief, at 9-10 (unpaginated). Specifically, Girvan contends that both his and Carol's new statements are contradictory to Robert's testimony about the assault, particularly Robert's statement that Girvan said "I hate you. I want to kill you[,]" during the altercation. *Id.* at 10, 14. This argument also lacks merit.

"It is well[-]settled in Pennsylvania that the focus of the exception found at [subsection] 9545(b)(1)(ii) is on newly discovered facts, not on newly discovered or newly willing sources that corroborate previously known facts or previously raised claims." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (en banc) (some formatting altered). The plain

---

[10] We note that Girvan's PCRA petition contained a lengthier argument regarding governmental interference, including an allegation that, by referring to its decision on his direct appeal as an unpublished memorandum, this Court delayed his appeal to the Pennsylvania Supreme Court. *See* PCRA Petition, 3/24/25, at ¶ (iv) (unpaginated). Girvan does not raise this specific claim on appeal, and we therefore find he has abandoned it. *See* Pa.R.A.P. 2116(a), 2119(a); *Commonwealth v. Bennett*, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issue raised in PCRA petition and not presented on appeal is deemed abandoned). Regardless, this Court did not obstruct Girvan's ability to appeal by referring to its memorandum decision correctly. Further, while Girvan's concise statement alleges "prosecutorial misconduct" and that suppression of evidence is warranted under "*Brady*," he does not appear to argue this claim under a PCRA timeliness exception, or at all, in his brief and is also deemed abandoned. *See Bennett*, *supra*.

language of the PCRA requires that the newly discovered facts were "unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." **Id.** (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. **Id.** Further, the newly discovered fact exception at subsection 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. **Commonwealth v. Small**, 238 A.3d 1267, 1286 (Pa. 2020).

Here, Girvan fails to explain why he could not have learned of this information earlier with due diligence. **See Brown**, **supra**. Significantly, Carol's letter regarding Robert's testimony is dated September 17, 2023. Girvan did not present this claim until two years later and, thus, his petition would not meet a timeliness exception even if the information were newly discovered. **See** 42 Pa.C.S.A. § 9545(b)(2) (exception must be asserted within one year of date claim could have first been presented). Moreover, upon our review of the record, we also agree with the PCRA court's assessment that Carol's affidavit is not inconsistent with her trial testimony and is not new evidence. **See** PCRA Court Opinion, 9/18/25, at 2 (unpaginated). Further,

Girvan's decision to not testify at trial and, subsequently, file an affidavit with his PCRA petition detailing his version of events does not qualify as "newly discovered facts," as he was clearly aware of his own version of events at the time of trial. *Id.* Accordingly, Girvan is not entitled to the "newly discovered facts" timeliness exception.

For these reasons, we find that Girvan's PCRA petition was untimely and no exceptions apply. Thus, neither this Court nor the PCRA court has jurisdiction over this petition. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted). Therefore, on that basis, we affirm the PCRA's order dismissing the underlying petition. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) (holding that this Court is not bound by rationale of PCRA court and may affirm on any basis).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/26/2026